912 F.2d 467
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian KNOTT, Defendant-Appellant.
 No. 89-2957.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 9, 1990.
Decided Aug. 21, 1990.
 
 Before COFFEY and FLAUM, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 
 1
 Defendant-Appellant Brian Knott appeals his conviction, following a jury trial, for conspiracy to distribute cocaine, 21 U.S.C. Sec. 841(a)(1), and attempt to possess cocaine with intent to distribute, 21 U.S.C. Sec. 846 and 18 U.S.C. Sec. 2. Knott filed a post-conviction motion for a new trial claiming that the court's failure to include in the jury instructions the government's burden of proof on the entrapment defense was plain error. Following denial of the post-trial motion for a new trial, Knott was sentenced to 78 months imprisonment, 4 years supervised release and fined $90,000.00. The only issue on appeal is whether failure to include the government's burden of proof in the entrapment instruction to the jury was plain error requiring reversal and remand for a new trial.
 
 I. FACTS
 
 2
 The government's primary witness was Leo Switzer. He testified that during the spring of 1988, he and Knott met at a tavern in Galesburg, Illinois were Knott approached him about how much money could be made in the cocaine business. Switzer testified he told Knott that it depended on how much money one put in. Following their discussions, Knott agreed to provide $20,000.00 to finance a cocaine deal and Switzer, who was dealing cocaine at the time, agreed to use his connections to buy and resell the cocaine. In June of 1988, Knott decided he could only afford $10,000.00. Switzer made arrangements to purchase and distribute 10 ounces of cocaine. On July 6, 1988 Switzer met Knott after hours at his place of business and Knott gave Switzer $10,000.00 in cash. Switzer testified that they discussed how they would continue to buy and sell cocaine and reinvest the profit until they had $20,000.00 to buy a kilogram of cocaine. The cocaine delivery was not completed as planned. Switzer told Knott that he had missed connections and that it would take a few days longer to complete the deal. Knott inquired about the money several times only to be told by Switzer that he was still trying to find a source.
 
 
 3
 Knott's defense consisted of his own testimony which disputes that of Switzer. Knott testified that Switzer was several months in arrears on a contract purchase of a building which Switzer was buying from Knott. Knott informed Switzer that foreclosure was imminent if he did not pay his arrearages. In June of 1988, Switzer allegedly told Knott that he had an opportunity to get some carpeting jobs. If Knott would lend him $20,000.00 for materials, he could pay part of his mortgage debt from the profits. On July 6, 1988, Knott loaned Switzer $10,000.00 in cash. Although Knott was a businessman familiar with loan procedures and had both a personal and business checking account, no formal loan papers were drawn nor was collateral put up on the loan. Knott claimed that to this point there had been no mention of drugs.
 
 
 4
 On August 4, 1988, Switzer was approached for the first time by federal agents who explained that he was the subject of an investigation, that they had surveilled his July 6th meeting with Knott and that they knew that Knott had given him $10,000.00 to buy cocaine. They asked for Switzer's cooperation. Switzer agreed to meet with the agents and the United States Attorney the next day to sign a formal cooperation agreement, which he did. Prior to August 4, 1988, Switzer had no contact with federal authorities. Per the agreement, Switzer began tape recording his phone conversations with Knott and his cocaine supplier and distributor. At the government's direction, Switzer met with Knott on August 9, 1988 and told him that if he could add another $6000.00 to the original $10,000.00, Switzer could buy a kilogram of cocaine. Knott agreed. The next day, August 10th, Switzer and Knott met on a highway overpass where Knott handed Switzer $6000.00 in cash wrapped in a newspaper.
 
 
 5
 Knott claimed he was not aware that his money was to be used to buy cocaine until about 12:30 A.M. on August 5, 1988 when Switzer told him that he had spent part of the money and that the rest was tied up in a cocaine deal. Switzer proposed that they continue to buy and sell increasing amounts of cocaine, turning the profits over to realize an amount of money sufficient to repay Knott. Knott claimed that he went along with Switzer's proposal because he thought it was the only way to recover his money. Knott did not dispute that he provided an additional $6000.00 on August 10th so that Switzer could buy a kilogram of cocaine rather than 10 ounces. Knott's defense was that Switzer was acting as a government agent in the early morning of August 5, 1988 and that he was therefore entrapped. The jury presumably believed Switzer's version of the facts and rendered a guilty verdict on all three counts.
 
 II. ANALYSIS
 
 6
 The sole issue presented by this appeal is whether the district court committed plain error when it instructed the jury on Knott's entrapment defense without instructing them that the government had the burden of disproving entrapment beyond a reasonable doubt. However, this appeal only applies to Count 8 which charged Knott with attempt to possess cocaine with intent to distribute on August 10, 1988.[1]
 
 
 7
 A. Scope of Knott's Entrapment Defense.
 
 
 8
 Knott was convicted of three counts. Count 1 of the indictment charged Knot with a conspiracy taking place from April 1988 through August 1988, count 7 charged Knott with attempt to possess cocaine with intent to distribute on July 6, 1988 and count 8 charged Knott with attempt to possess cocaine with intent to distribute on August 10, 1988. Following his conviction, Knott filed a motion for a new trial. The district court held a hearing on the motion on August 14, 1989 and ruled that the entrapment defense did not apply to counts 1 and 7. Knott does not challenge this ruling on appeal. We are inclined to agree with the district court that Switzer was clearly not cooperating with the government until August 4th or 5th and that the entrapment defense could not logically apply to the events charged in counts one and seven. The entrapment defense only applies to count 8. However, this does not effect the ultimate disposition of this appeal.
 
 
 9
 Knott's counsel offered no objection to the entrapment instruction or the issues instruction prior to the jury's verdict. The defendant, the government and the district judge agree that this omission was error, but that counsel's failure to make a timely objection waived the issue. Fed.R.Crim.P. 30.[2] The district court did not find the omission to be plain error and denied the motion for a new trial on count eight.
 
 
 10
 B. Standard of Review.
 
 
 11
 We review the failure to instruct on the entrapment burden of proof under the "plain error" standard. Fed.R.Crim.P. 52(b); See United States v. Frady, 102 S.Ct. 1584, 1591-1592 (1982) (Rule 52(b) is intended to address miscarriages of justice and can be used only on appeal of trial infected with error so "plain" that the trial judge and prosecutor were derelict in countenancing it, even absent defendant's timely assistance in detecting it). To meet this standard, Knott must show that the error was so egregious that it resulted in "an actual miscarriage of justice, which implies the conviction of one who but for the error probably would have been acquitted." United States v. Silverstein, 732 F.2d 1338, 1349 (7th Cir.1984), cert. denied, 105 S.Ct. 792 (1985); See also United States v. Wynn, 845 F.2d 1439, 1443 n. 8 (7th Cir.1988); United States v. Troop, 890 F.2d 1393, 1396 (7th Cir.1989).
 
 
 12
 In United States v. Sherwood, 770 F.2d 650 (7th Cir.1985), a case remarkably similar to this case, this court clearly established that automatic reversal is not the rule in this circuit for failure to instruct on the burden of proof in an entrapment instruction. In Sherwood this court stated that
 
 
 13
 [t]his circuit's en banc decision in United States v. Johnson, 605 F.2d 1025 (7th Cir.1979), cert. denied, 444 U.S. 1033, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980), provides the framework for analyzing a failure to instruct on the burden of proof in an entrapment instruction. The Johnson court held that although it is preferable that an entrapment instruction include a specific provision placing the burden of proof on the government, failure to do so does not automatically require reversal, even where the error was assigned at trial. Id. at 1028-29. Each case must be considered on its facts with an eye to the strength of the entrapment defense and considering the instruction as a whole. Id.
 
 
 14
 Sherwood, 770 F.2d at 653 (emphasis added).
 
 
 15
 C. Strength of the Entrapment Defense.
 
 
 16
 Two elements comprise entrapment: government inducement of the crime and a lack of predisposition on the part of the defendant to engage in the criminal conduct. Mathews v. United States, 108 S.Ct. 883, 886 (1988). Knott's entrapment defense hinges on whether Switzer was acting as a government agent at 12:30 A.M. on August 5, 1988 when he allegedly "induced" Knott to participate in the drug transactions he had planned. Testimony established that Switzer was approached by law enforcement officers on August 4, 1988. They confronted Switzer with evidence of his drug dealings, including the July 6th meeting with Knott and discussed possible cooperation with the government. On August 5th, subsequent to his pre-dawn meeting with Knott, Switzer went to the U.S. Attorney's office and signed a formal cooperation agreement. Switzer testified that he did not decide to cooperate with the government until his meeting in the U.S. Attorney's office on August 5th, several hours after Knott agreed to deal cocaine for profit. The evidence that Switzer was acting as a government agent at 12:30 A.M. on August 5th is extremely weak. Therefore, the jury could find that Knott met with Switzer and discussed the August 10th cocaine deal prior to Switzer's cooperating with the government. The evidence demonstrates a lack of the requisite government inducement to commit the crimes charged.
 
 
 17
 Even assuming that Switzer was a government agent on August 5th, the evidence supports a finding that Knott was predisposed to commit the crime he was charged with in count 8 of the indictment. Knott testified that he did not know that he was involved in a drug transaction until roughly 12:30 A.M. on August 5, 1988. In view of all the evidence, Knott's claim that prior to that time he thought his money was being used for carpeting jobs is extremely thin. Obviously not believing Knott's testimony, the jury convicted him on counts 1 and 7 of the indictment.
 
 
 18
 Involvement in crimes similar to the one charged suggests a defendant's predisposition to committing the charged crime whether or not an undercover agent is involved. See [United States v. Johnson, 605 F.2d 1025] at 1029 (defendant's prior involvement in drug deals undermines entrapment defense)
 
 
 19
 United States v. Sherwood, 770 F.2d 650, 653 (7th Cir.1985). The conviction on these counts, particularly count 7 which is identical to count 8, certainly demonstrates a predisposition to commit the crime charged in count 8. The evidence against Knott's claim of entrapment is substantial and meets the government's burden of proof. At the very least, the failure to instruct on that burden clearly does not amount to plain error. In fact, the district judge expressed serious doubt at the post-trial hearing whether the entrapment instruction should have been given at all. Where the case is not close on the entrapment issue, a deficient instruction is not reversible error. See United States v. Johnson, 605 F.2d 1025, 1029 (7th Cir.1979).
 
 
 20
 In this case, the evidence of Knott's guilt was overwhelming while the evidence of entrapment was practically non-existent. The issue of entrapment in this appeal is not close.
 
 
 21
 D. The Jury Instructions.
 
 
 22
 Even if we assume adequate evidence of entrapment, a review of the jury instructions as a whole, clearly indicates that the failure to specifically allocate the burden of proof to the government on the entrapment defense was not plain error. The district court held a formal instruction conference after the close of the evidence.[3] The court charged the jury with a modified version of the Seventh Circuit pattern instruction on entrapment, omitting the burden of proof. Knott made no objection. Though the Seventh Circuit pattern instruction for entrapment states that "[t]he issues instruction must show that the government has the burden to prove the negative, that is, that the defendant was not entrapped." Federal Criminal Jury Instructions of the Seventh Circuit No. 4.04 (7th Cir.1980) (emphasis in original), it is clear that the failure to follow this lead is not necessarilly fatal to a conviction. Sherwood, 770 F.2d at 653. In determining if plain error occurred, we must consider the instructions as a whole. The jury in this case was instructed, in part, that:
 
 
 23
 The defendant is presumed to be innocent of the charges. This presumption remains with the defendant throughout every stage of the trial and during your deliberations on the verdict, and is not overcome unless from all of the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty.
 
 
 24
 * * *
 
 
 25
 * * *
 
 
 26
 The government has the burden of proving the guilt of the defendant beyond a reasonable doubt, and the burden remains on the government throughout the case. The defendant is not required to prove his innocence or to produce any evidence.
 
 
 27
 * * *
 
 
 28
 * * *
 
 
 29
 ... the government must prove beyond a reasonable doubt, from the defendant's own acts and statements, that he was aware of the common purpose and was a willing participant.
 
 
 30
 * * *
 
 
 31
 * * *
 
 
 32
 ... your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.
 
 
 33
 In Sherwood, the court found that almost identical instructions, read as a whole, made it clear to the jury that the government bore the burden of proof beyond a reasonable doubt on the entrapment defense. Id. at 653. The judge in this case gave identical burden of proof instructions. As in Sherwood, the instructions as a whole, clearly place the burden on the government to prove beyond a reasonable doubt that Knott was not entrapped. Though the omission in the entrapment instruction was error, it was not plain error.
 
 III. CONCLUSION
 
 34
 In view of strong evidence disproving entrapment, the overwhelming evidence of guilt, the instructions ample reference to the government's burden of proof at every phase of the proceedings, and the lack of any suggestion that Knott bore the burden on the entrapment issue, the failure to specifically instruct on the entrapment defense burden of proof was not plain error and did not result in a miscarriage of justice. The district court is affirmed.
 
 
 
 [1]
 The appellee, in their brief on appeal, argued that the entrapment defense only applied to count 8 which charged an offense occurring on August 10, 1988. The district court explicitly found that the defense did not apply to counts 1 and 7 since the overt acts which comprise the charged offenses occurred before the date that the government made initial contact with Switzer. Knott did not contest this ruling in his opening brief on appeal and did not file a reply brief challenging its assertion in the appellee's brief. Counsel for the appellant asserted at oral argument for the first time on appeal that the entrapment defense applied to all three counts; thus challenging the district court's post-trial ruling to the contrary. The failure to raise this contention in the briefs arguably waives it. See Anderson v. Thieret, 903 F.2d 526, 531 n. 2 (7th Cir.1990); Egert v. Connecticut General Life Ins. Co., 900 F.2d 1032, 1035 (7th Cir.1990). However, we need not rely on waiver in this instance since it does not alter our holding in this case
 
 
 [2]
 Fed.R.Crim.P. 30 provides in pertinent part that
 [n]o party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.
 
 
 [3]
 At the close of the government's case the district judge held an informal instruction conference at which defense counsel proposed an entrapment instruction which included the burden of proof. The judge rejected the instruction and opted for the Seventh Circuit pattern instruction. At the formal instruction conference the following day, the judge stated that he would hold off on the entrapment instruction until after the conclusion of the evidence